**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00054-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Aaron Phillip Crider, | |
| Defendant. | |

Pending before the Court is Defendant Aaron Crider's motion for compassionate release (Doc. 81), which the government opposes (Doc. 87). For the following reasons, the motion is denied.

**RELEVANT BACKGROUND**

In June 2021, Defendant was convicted via guilty plea of distribution of child pornography. (Doc. 79.) As summarized by the Probation Office, Defendant "was a member of the peer-to-peer file-sharing network BitTorrent, which he utilized to view and distribute child pornography. The investigation revealed the defendant distributed 1,724 files to undercover agents containing very disturbing images of prepubescent minors, babies and toddlers, engaging in sexually explicit conduct, which included depictions of bondage. A forensic examination of the defendant's computer revealed he was in possession of 3,544 image files and 47 video files of child pornography and another 12,083 age difficult and/or child erotica files, which indicates his criminal behavior went beyond just being curious as he claimed. Further, he had installed an erasing software and the data

was encrypted, which demonstrates he took steps to conceal his illegal activity." (Doc. 74 at 21.) Additionally, "[a]lthough the instant offense represent[ed] the defendant's first felony conviction, his criminal history reflects prior misdemeanor convictions including property damage, unlawful consumption of alcohol by minor, possession of drug paraphernalia and driving under the influence." (*Id.*)

Although Defendant faced an advisory sentencing range of 151-188 months under the Sentencing Guidelines, both sides argued at sentencing that Defendant should receive a downward variance. (Doc. 65 [defense sentencing memo]; Doc. 78 [plea agreement, stipulating to lower range].) The Court agreed and ultimately imposed a sentence of 97 months' imprisonment. (Doc. 79.) According to the Bureau of Prisons' ("BOP") inmate locator website, Defendant's projected release date is May 14, 2028.

On January 20, 2022, Defendant submitted a request for compassionate release to the Bureau of Prisons ("BOP"). (Doc. 81-1 at 6.) On February 22, 2022, this request was denied. (*Id.* at 7-8.)

On May 20, 2022, Defendant filed a *pro se* motion for compassionate release with this Court. (Doc. 81.) Among other things, the motion shows that Defendant has several health conditions (including asthma, obesity, gastritis, high cholesterol, and a history of smoking), that Defendant is fully vaccinated against the COVID-19 virus, and that Defendant has already contracted COVID-19. (Doc. 81 at 11-13; Doc. 81-3 at 7.) Additionally, Defendant has drafted a detailed re-entry plan identifying the various steps he will follow when released from prison to ensure his successful reintegration into society. (Doc. 81-2 at 2-7.)

On June 6, 2022, the government filed an opposition. (Doc. 87.)

Defendant did not file a reply.

**DISCUSSION**

Although "[a] federal court generally may not modify a term of imprisonment once it has been imposed," "Congress provided an exception, sometimes known as compassionate release, to reduce a sentence for 'extraordinary and compelling reasons.'"

*United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (citations and internal quotation marks omitted). This exception is codified at 18 U.S.C. § 3582(c)(1)(A). *Id.* "For over thirty years, under the original statute, only the BOP Director could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. However, as part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed." *Id.*

Under the current version of 18 U.S.C. § 3582(c)(1)(A), the court "may" grant a compassionate release motion and reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." However, in *Aruda*, the Ninth Circuit clarified that "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 802. Thus, although "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant . . . they are not binding." *Id.*

Applying these standards, Defendant has not established an entitlement to relief. First, the Court agrees with the government's assertion that because Defendant "has received appropriate medical care, is fully vaccinated against COVID-19, has contracted and recovered from COVID-19 infection, and is not individually susceptible to reinfection, he has not shown that extraordinary and compelling reasons warrant compassionate release." (Doc. 87 at 13.) Second, and alternatively, although the Court is impressed with Defendant's re-entry plan and the thought that went into his application, the relevant § 3553 factors preclude any reduction in Defendant's sentence. Defendant committed an extremely serious crime for which he faced an advisory sentencing range under the Guidelines of 151-188 months and ultimately received a sentence of 97 months. Nevertheless, at the time Defendant filed his compassionate release motion, he had served

less than a year of that sentence, and he has only served a bit over a year of his sentence as of now. The crime Defendant committed was simply too serious to result in such a relatively short period of incarceration, which would be insufficient to reflect the seriousness of the offense, achieve adequate deterrence, provide just punishment, promote respect for the law, or avoid unwarranted sentencing disparities.

Accordingly, **IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 81) is **denied**.

Dated this 5th day of August, 2022.

Dominic W. Lanza
United States District Judge